UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ELIZABETH COCHRAN, | Case No. 2:23-cv-00868-JAD-NJK |
| Plaintiff(s), | **ORDER** |
| v. | [Docket No. 14] |
| WALMART, INC., | |
| Defendant(s). | |

Pending before the Court is a stipulation to extend the case management deadlines by 60 days. Docket No. 14. The Court ordered Defendant to file a supplement, Docket No. 14, which it did, Docket No. 17. The stipulation is properly resolved without a hearing. *See* Local Rule 78-1. For the reasons discussed below, the stipulation is **GRANTED** in part and **DENIED** in part.

**I.     BACKGROUND**

This is a personal injury case that was removed from state court. *See* Docket No. 1. On July 11, 2023, the parties filed a joint discovery plan seeking a discovery cutoff of January 2, 2024. Docket No. 11. On July 12, 2023, the Court adopted the joint discovery plan and issued a scheduling order adopting the deadlines proposed. Docket No. 12. On October 2, 2023, the parties filed the instant stipulation to extend all of those case management deadlines. Docket No. 14.

**II.    STANDARDS**

A request to extend unexpired deadlines in the scheduling order must be premised on a showing of good cause. Fed. R. Civ. P. 16(b)(4); Local Rule 26-3. The good cause analysis turns on whether the subject deadlines cannot reasonably be met despite the exercise of diligence. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992). In making this determination, courts consider whether relief from the scheduling order is sought based on the development of matters that could not have been reasonably anticipated at the time the schedule was established. *E.g.*, *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 608 (E.D. Cal. 1999). Courts

may also consider other pertinent circumstances, including whether the movant was diligent in seeking modification of the scheduling order once it became apparent that the movant required relief from the deadline at issue. *E.g.*, *Sharp v. Covenant Care LLC*, 288 F.R.D. 465, 467 (S.D. Cal. 2012). "The diligence obligation is ongoing" such that parties must "diligently attempt to adhere to [the deadlines in the scheduling order] throughout the subsequent course of the litigation." *Morgal v. Maricopa Cnty. Bd. of Supervisors*, 284 F.R.D. 452, 460 (D. Ariz. 2012).

"The Ninth Circuit has also repeatedly and emphatically addressed the importance of scheduling orders as tools for district courts to manage their heavy caseloads." *Desio v. State Farm Mut. Auto. Ins. Co.*, 339 F.R.D. 632, 641 (D. Nev. 2021) (citing *Cornwell v. Electra Cent. Credit Union*, 439 F.3d 1018, 1027 (9th Cir. 2006); *Wong v. Regents of the Univ. of Cal.*, 410 F.3d 1052, 1060 (9th Cir. 2005); *Janicki Logging Co. v. Mateer*, 42 F.3d 561, 566 (9th Cir. 1994); and *Johnson*, 975 F.2d at 610-11). "When a request to extend case management deadlines is made by stipulation, courts may consider the joint nature of the request in deciding whether the circumstances warrant an amendment to the scheduling order. Nonetheless, courts addressing such requests are deciding at bottom whether to modify their own orders, an issue that need not be based necessarily on the promptings of the parties." *Williams v. James River Grp.*, 627 F. Supp. 3d 1172, 1178 (D. Nev. 2022)

### III.    ANALYSIS

The parties here seek a two-month extension based on the assertions that defense counsel transitioned to a new firm last summer and that Defendant's "holiday shopping season" is approaching.[1]  The Court addresses each reason in turn.

---

[1] The stipulation is bare bones, with the reasoning provided consisting of the following:

> The parties have diligently worked to move the case forward but require additional time to complete discovery. Defense counsel's law firm closed on July 31, 2023, and this matter was transferred to a new firm, Hall & Evans, LLC, during the first few weeks of August 2023, leaving defense counsel temporarily unable to access case files and calendaring relevant to this litigation. As such, more time is required for the parties to complete discovery. With the current discovery deadlines rapidly approaching, Defendant's holiday shopping season commencing in approximately six weeks, and a fair amount of discovery yet to be completed, the parties have

A.   Law Firm Transition

The stipulation first attempts to establish good cause based on the fact that defense counsel transitioned firms during the summer, from which a "few weeks" of discovery time was lost. Docket No. 14 at 3. In its supplement, Defendant explains that counsel was without access to files or emails for a period of one week, and that access was spotty for a second week. *See* Docket No. 17 at 4. It is unclear why the parties are raising this issue months later, *cf. Sharp*, 288 F.R.D. at 467, but the Court finds this is sufficient justification for a two-week extension based on the circumstances of this case.

B.   Defendant's Holiday Shopping Season

The stipulation next attempts to establish good cause based on the fact that "Defendant's holiday shopping season" is soon commencing. Docket No. 14 at 3. Although the stipulation is cryptic, Defendant elaborates in the supplement that it "is a retailer, and the purpose of its business demands that the employees who would normally keep the wheels of discovery and litigation moving must devote *all of their time* to serving the needs of Defendant's customers during [the] busiest 60 days of the entire year." Docket No. 17 at 7 (emphasis added). In short, Defendant indicates that it should be exempted from engaging in discovery for two months every year because it prioritizes all of its staff's time to business needs,[2] rather than in engaging in discovery in

---

agreed to a sixty (60) day extension to complete the remaining discovery.

Docket No. 14 at 3. The Court thereafter ordered Defendant to file a supplement specific to a single issue: "how good cause exists under Rule 16 of the Federal Rules of Civil Procedure and Local Rule 26-3 for a large corporation to exempt itself from the discovery process in litigation for several months based on its business preferences." Docket No. 15 at 1. The supplement veers off that course, including in providing new reasons that an extension might be warranted. *See, e.g.*, Docket No. 17 at 4-5. The Court declines to address these new reasons now. *See, e.g., Silverstein v. Keynetics Inc.*, 192 F. Supp. 3d 1045, 1051 n.9 (N.D. Cal. 2016).

[2] Defendant insists that it is not "exempt[ing] itself from the discovery process" during this period despite representing that it requires employees to spend "all" of their time on non-litigation tasks. Docket No. 17 at 7. Defendant also twists reality in other ways, including suggesting that the Court is "prohibit[ing] consideration of the parties' respective circumstances." Docket No. 17 at 9. Not so. The Court is tasked with applying the law, which requires a showing of good cause to modify case management deadlines. *See, e.g.*, Fed. R. Civ. P. 16(b). The Court has already decided elsewhere, and will decide again herein, that Defendant's decree that its employees must not spend time engaged in discovery for two months every year does not meet that standard.

3

compliance with Court-ordered deadlines.  Defendant has been making this argument for years, providing more illumination at other times regarding its "blackout period":

> Walmart cannot make its employees available for deposition for approximately eight weeks before and after the holiday-shopping season.  Walmart prohibits depositions of its store employees from mid-November through the end of December.  And Walmart's salaried management are unavailable until mid-January because they often take vacation immediately after the busy holiday period concludes.

*Morgan v. Wal-Mart Stores, Inc.*, No. 2:17-cv-02269-RFB-NJK, Docket No. 10 at 2 (D. Nev. Sept. 7, 2017).  The Court has repeatedly rejected this reasoning.  *See*, e.g*., id.*, Docket No. 11 at 1 n.1 (D. Nev. Nov. 20, 2017).[3]

Having again re-raised this same argument here, the Court ordered Defendant to identify case law and provide meaningfully developed argument that good cause for modifying a case management schedule can be premised on a corporate defendant's decision that it would rather its employees focus on business needs than engage in discovery.  *See* Docket No. 15 at 1.  Defendant's supplement fails to cite a single decision endorsing such a proposition.  *See* Docket No. 17.  Although it should be self-evident, it apparently needs to be stated that a corporate defendant cannot decree that it will not participate in discovery for nearly 20% of every calendar year.

Even were that not the case, the papers fail to provide detail as to why it is not reasonably possible to meet the subject deadlines despite the busy business period.  As obvious examples, the stipulation does not explain why there is truly not a single employee available to address discovery during this period, why the business duties of the pertinent employees cannot be handled by other

---

[3] The Court will not collect the many times it has rejected this argument, but it notes that it has already issued fulsome explanations on the record.  *See, e.g.*, *Enriquez v. Wal-Mart Stores, Inc.*, No. 2:17-cv-01010-APG-NJK, Docket No. 22 at 2-3 (D. Nev. Nov. 20, 2017).  Defendant argues that such orders are not precedential, so it did not acknowledge them in the pending stipulation.  *See* Docket No. 17 at 9.  It is an ethical requirement for counsel to identify controlling legal authority to the Court, *see* Nev. R. Prof. Cond. 3.3(a)(2), but courts also expect that counsel will not simply repeat the same arguments to the same judicial officers without recognizing prior contrary decisions and without explaining why the prior decisions should not control in the pending matter.  Attorneys "play with fire if they raise the same arguments over and over and fail to acknowledge prior adverse rulings." *Atlantis Enterps., Inc. v. Avon Prods., Inc.*, 2010 WL 11519593, at *4 (C.D. Cal. Jan. 14, 2010) (Collins, C.J.) (quoting *U.S. Commodity Futures Trading Com's v. Lake Shore Mgmt. Ltd.*, 540 F. Supp. 2d 994, 1015 (N.D. Ill. 2008)).

employees, and why its business decision cannot be accommodated by shortening the deadlines to respond to written discovery or by holding depositions outside of normal work hours.

Lastly, but significantly, it is well-established law that good cause to extend case management deadlines must be premised on the emergence of unexpected circumstances that were unforeseen when the discovery plan was filed. *Jackson*, 186 F.R.D. at 608. Although the business decision at issue obviously already existed at the time of the discovery plan, Defendant agreed to a discovery period covering this same period and ending on January 2, 2024. Docket No. 11. Good cause to modify case management deadlines plainly does not exist based on a circumstance that was known when the parties filed their discovery plan.[4]

In short, the upcoming shopping period does not establish good cause to modify the case management deadlines.

## IV. CONCLUSION

For the reasons discussed above, the stipulation to extend is **GRANTED** in part and **DENIED** in part. Deadlines are hereby **RESET** as follows:

- Initial disclosures: closed
- Amend pleadings/ add parties: October 18, 2023
- Initial experts: November 17, 2023
- Rebuttal experts: December 18, 2023
- Discovery cutoff: January 16, 2024
- Dispositive motions: February 15, 2024

---

[4] Defendant now also explains that the reference to this blackout period was not itself meant to be grounds for an extension, but that it merely added color to why an extension of 60 days was needed based on the law firm transition issue. *See* Docket No. 17 at 7. Defendant does not explain how a reason that fails to establish a basis for good cause for an extension would nonetheless establish sufficient justification for a longer extension than would otherwise be allowed. Moreover, such an assertion fails to account for the fact that the current discovery period already encompasses this same period.

- Joint proposed pretrial order: March 18, 2024

IT IS SO ORDERED.

Dated: October 5, 2023

_____
Nancy J. Koppe
United States Magistrate Judge