# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| ELIZABETH COCHRAN,<br>　　Plaintiff(s),<br>v.<br>WALMART INC.,<br>　　Defendant(s). | Case No. 2:23-cv-00868-JAD-NJK<br>**Order**<br>[Docket No. 22] |

Pending before the Court is a motion to compel discovery. Docket No. 22.

"Discovery is supposed to proceed with minimal involvement of the Court." *F.D.I.C. v. Butcher*, 116 F.R.D. 196, 203 (E.D. Tenn. 1986). Counsel must strive to be cooperative, practical, and sensible, and should seek judicial intervention "only in extraordinary situations that implicate truly significant interests." *In re Convergent Techs. Securities Litig.*, 108 F.R.D. 328, 331 (N.D. Cal. 1985). To that end, discovery motions may be filed only after a robust conferral process, which requires personal consultation in the form of in-person, telephonic, or video discussions. *See Cardoza v. Bloomin' Brands, Inc.*, 141 F. Supp. 3d 1137, 1145 (D. Nev. 2015); *see also* Local Rule IA 1-3(f). The fact that a party seeks emergency relief does not obviate the requirement to confer. "To the contrary, a good faith and thorough attempt to resolve the dispute without Court intervention is even more critical when time is of the essence." *Cardoza*, 141 F. Supp. 3d at 1142.

A conference did not take place here. Docket No. 22 at 5.

Accordingly, the motion to compel is **DENIED** without prejudice. Defense counsel must promptly make themselves available for an in-person, telephonic, or video conferral. Any renewed motion to compel must be filed by March 27, 2024.

IT IS SO ORDERED.

Dated: March 18, 2024

　　　　　　　　　　　　　　　　　　　　　　　　　＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿
　　　　　　　　　　　　　　　　　　　　　　　　　Nancy J. Koppe
　　　　　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge